IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ARCELIE PACOLOR RIVERA, an individual, | ) | CV. NO. 10-00678 DAE-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| U.S. BANK, N.A., as Indenture Trustee of the GMAC Home Equity Loan Trust 2005-HE3; MERS; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, a business entity; CHASE HOME FINANCE, a business entity; PAPIPI POCO, LLC, a real estate investors, also a business entity; 1–10 INCLUSIVE | ) | |
| Defendants. | ) | |

ORDER: (1) GRANTING DEFENDANT PAPIPI POCO, LLC'S
MOTION TO DISMISS; (2) DISMISSING THE COMPLAINT
<u>WITHOUT PREJUDICE AS AGAINST ALL DEFENDANTS</u>

On March 29, 2011, the Court heard Papipi Poco, LLC's Motion to

Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More

Definite Statement ("Motion to Dismiss"). Plaintiff Arcelie Pacolor Rivera

("Plaintiff"), proceeding pro se, appeared at the hearing on behalf of herself;

Chanelle Mari Chung Fujimoto, Esq., appeared at the hearing on behalf of

Defendant Papipi Poco, LLC ("Papipi"); Mary L. Martin, Esq., appeared at the hearing on behalf of Defendant Chase Home Finance ("Chase").  After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Papipi's Motion to Dismiss.  (Doc. # 22.)  The Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants.

BACKGROUND

On November 17, 2010, Plaintiff Arcelie Pacolor Rivera ("Plaintiff") filed a Complaint in this Court against Defendants U.S. Bank, NA, as Indenture Trustee of the GMAC Home Equity Loan Trust 2005-HE3 ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Chase Home Finance ("Chase"), and Papipi Poco, LLC ("Papipi") (collectively, "Defendants"). ("Compl.," Doc. # 1.)  The Complaint concerns real property located at 91-439 Papipi Dr., Ewa Beach, Hawaii 96706 (the "Property").[1]  (Id. at 2.)  Although

---

[1] As discussed in this Court's prior Order (Doc. # 7, at 3–4), Plaintiff has been involved in a number of Court proceedings regarding the Property.  First, after Plaintiff failed to vacate the Property, Papipi filed an ejectment action against her in Hawaii state court.  Plaintiff subsequently filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Hawaii.  After U.S. Bankruptcy Judge Robert J. Faris granted Papipi's Motion for Relief from Stay as to the Property, Plaintiff moved to dismiss her bankruptcy case.  Judge Faris dismissed Plaintiff's bankruptcy case on January 19, 2011.  Plaintiff filed the instant lawsuit twelve days after Papipi sought to lift the automatic stay as to the Property in Plaintiff's bankruptcy case.

difficult to discern, it appears that Plaintiff filed the instant action to set aside the foreclosure sale of the Property, at which Defendant Papipi was allegedly the successful bidder. Plaintiff claims that she has been victimized, that the Defendants engaged in fraud, and that an unnamed defendant has no authority or power under law to eject her and her family from the Property. (Id. at 4–5.)

On December 13, 2010, Plaintiff filed a Motion for Temporary Restraining Order ("TRO Motion"), seeking to prevent Defendants from taking possession of or selling the Property. (Doc. # 6.) The Court denied the TRO Motion on December 15, 2010. (Doc. # 7.)

On February 11, 2011, Defendant Papipi filed a Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for More Definite Statement ("Motion to Dismiss"). (Doc. # 22.) On March 7, 2011, Defendant Chase filed a Statement of No Position on the Motion to Dismiss. (Doc. # 31.) Plaintiff filed a Memorandum in Support on March 18, 2011, which the Court will construe as an Opposition to the Motion to Dismiss. (Doc. # 41.) Papipi filed a Reply on March 24, 2011. (Doc. # 44.)

STANDARD OF REVIEW

I.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "Pro se litigants must [nonetheless] follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express,

6

Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

    A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

Papipi contends that the Complaint is vague and conclusory and therefore should be dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6). The Court agrees.

Contrary to federal pleading requirements, Plaintiff's Complaint contains scant reference to the facts and transactions that form the basis of this lawsuit, and to the extent that any facts are included in the Complaint, they are either vague or couched in terms of accusation and legal conclusion. Additionally, the Complaint leaves completely unanswered (1) how each Defendant is related to the mortgage agreement and/or note and the servicing of them; (2) which Defendants purportedly committed the wrongs alleged; (3) when these wrongs were committed; or even (4) the nature of Plaintiff's interest in the real property at issue. Without these facts, the Complaint cannot possibly survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949 (stating that although a complaint need not include "detailed factual allegations," there must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation") (citations and quotation signals omitted).

Plaintiff also does not clearly identify the causes of action that she is asserting, and the Complaint does not even contain the bare elements of a legal claim. The Complaint sets forth the following six "claims": (1) Set Aside Trustee Sale; (2) Cancel Trustee's Deed; (3) Remove Case from the State Court, Bankruptcy Court; (4) Fraud; (5) TILA Violations; (6) RESPA Violations. However, there is no factual or legal basis for these claims, and the Complaint does not elaborate upon them in any meaningful way. Plaintiff does not even set forth the specific provisions of TILA and RESPA that Defendants allegedly violated. Furthermore, Plaintiff's bare allegation that Defendants engaged in fraud cannot withstand the rigorous pleading requirements of Federal Rule of Civil Procedure 9, which requires a party to state with particularity the circumstances constituting fraud or mistake. In sum, Plaintiff's assertions do not give Defendants "fair notice" of the ground for the claim against them, and thus cannot withstand a motion to dismiss.[2] See Iqbal, 129 S. Ct. at 1949.

Additionally, Plaintiff is advised that an opposition to a motion to dismiss is not a proper vehicle for adding claims to her complaint. See Schneider

---

[2] Because of this determination, the Court need not consider Papipi's argument that its title to the Property is "conclusive and unimpeachable" under Aames Funding Corporation v. Mores, 110 P.3d 1042 (Haw. 2005). (Reply at 3–4.)

9

v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . . .") (citations omitted); Clegg, 18 F.3d at 754 (finding that for purposes of a motion to dismiss, the court's review is limited to the contents of the complaint). In her Memorandum in Support, Plaintiff for the first time asserts that U.S. Bank lacks standing to bring a foreclosure proceeding on the Property, and that GMAC cannot foreclose on the property because it did not provide Plaintiff with notice and an opportunity to cure. Because the Complaint, even liberally construed, does not raise any of these claims, they are disregarded for purposes of ruling on the instant Motion to Dismiss. To the extent that the Memorandum in Support raises new allegations of Defendants' purported fraudulent conduct, those contentions are also disregarded.

In sum, the Complaint, including only "labels and conclusions," fails to state a claim upon which relief may be granted and fails to provide Defendants notice of the basis of Plaintiff's claims against them. Accordingly, the Court GRANTS Papipi's Motion to Dismiss. The Court recognizes, however, that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants in this action with leave to amend no later than 30 days

from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice. Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured her, and it must also clearly identify the statutory provisions, if any, under which Plaintiff's claims are brought.

CONCLUSION

For the reasons stated above, the Court GRANTS Papipi's Motion to Dismiss. (Doc. # 22.) The Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2011.

_____
David Alan Ezra
United States District Judge

Rivera v. U.S. Bank et al., Cv. No. 10-00678 DAE-RLP; ORDER: (1) GRANTING DEFENDANT PAPIPI POCO, LLC'S MOTION TO DISMISS; (2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS AGAINST ALL DEFENDANTS

11