IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ARCELIE PACOLOR RIVERA, | ) | CIVIL NO. 10-00678 DAE-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT |
| vs. | ) ) | PREJUDICE |
| GMAC MORTGAGE, U.S. BANK, N.A., LORRIE WOMACK, MERS, (MERS) MORTGAGE ELECTRONIC SYSTEMS, INC., 1-20 INCLUSIVE, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
<u>THIS ACTION WITHOUT PREJUDICE</u>[1]

Plaintiff Arcelie Pacolor Rivera, proceeding pro se, filed her initial Complaint on November 17, 2010. Docket No. 1. On March 2, 2011, Plaintiff was granted an extension until April 18, 2011, to serve her initial Complaint on defendants. Docket No. 29. On March 29, 2011, Plaintiff filed a "Proof of Service or Certificate of Service," purporting to show that four entity defendants had been served by certified mail. Docket No. 46. On March 31, 2011, the Court dismissed Plaintiff's initial complaint

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

1

without prejudice and allowed Plaintiff thirty days to file an amended complaint. Docket No. 47. On May 5, 2011, Plaintiff filed an Amended Complaint, but did not provide any proof of service. See Docket No. 50. Plaintiff failed to appear at the Final Pretrial Conference on January 24, 2012. See Docket No. 51. An in-person status conference was held on February 8, 2012. Docket No. 54. At the status conference, J. Blaine Rogers, of Alston Hunt Floyd & Ing, appeared for defendant U.S. Bank, N.A., and agreed to accept service of the Amended Complaint on behalf of his client. See Docket No. 53 at 2.

On February 8, 2012, the Court issued a Deficiency Notice and Order Regarding Service of Defendants ("Notice"). See Docket No. 53. In the Notice, the Court determined that Plaintiff's attempted service of her initial Complaint on the four entity defendants was insufficient under Rule 4 and noted that Plaintiff had not filed any proof of service related to her Amended Complaint. Id. at 2-3. Accordingly, the Court gave notice to Plaintiff that she must properly serve, or show good cause for the failure to serve, her Amended Complaint on defendants before March 9, 2012. Id. at 3. The Court further advised Plaintiff that "[f]ailure to do so may result in **dismissal** of this action for failure to prosecute or otherwise follow a court order." Id. (bold and underline in original) (citing Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m); In re

2

Sheehan, 253 F.3d 507, 513 (9th Cir. 2001)). On March 13, 2012, the Court received a letter from Mr. Rogers notifying the Court that neither U.S. Bank nor GMAC Mortgage had been served with Plaintiff's Amended Complaint. <u>See</u> Docket No. 55. To date, Plaintiff has not filed a proof of service related to her Amended Complaint.

Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As of the present date, more than thirty days have passed since the Court issued its Notice, yet Plaintiff has failed to serve defendants. It has now been more than 300 days since the Amended Complaint was filed, and no defendants have been served. Plaintiff has failed to show good cause why service has not occurred or why sanctions, including dismissal of this case, should not be imposed for failure to served Defendants.

Courts do not take failures to comply with court orders lightly. Indeed, in addition to Rule 4(m), Rule 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply

with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. In determining whether dismissal is appropriate in these circumstances, the Court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Having considered these factors, and having provided Plaintiff an extended time period to serve defendants and absent a showing of good cause for her failure to do so, the Court finds that dismissal is appropriate. Accordingly, this Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) and Rule 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, MARCH 20, 2012

Richard L. Puglisi
United States Magistrate Judge

**RIVERA V. GMAC MORTGAGE, ET AL.,; CIVIL NO. 10-00678 DAE-RLP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**

4